IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00215-GPG

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

JOHN DOE, Aurora Police Officer One,
JOHN DOE, Aurora Police Officer Two,
JOHN DOE, Aurora Police Officer Supervisor,
JOHN DOE, Spanish D.P.D Officer who name may be Manzanerez,
DENVER SHERIFF WILLINGHAM,
DENVER SHERIFF SINGLETON,
DENVER SHERIFF EVEN,
DENVER SHERIFF CAPT. ROMERO,
DENVER SHERIFF MAIL OFFICER PADILLA,
DENVER SHERIFF CRUZZ,
CHIEF DIGGINS OR JOHN DOE CHIEF,
DENVER SHERIFF SGT. TURGNEK,
PROBATION OFFICER CHUCK VOUGHN,
PROBATION OFFICER DIRECTOR,
DENVER POLICEMEN WALDOCK, PAUL S., and
NOUYEUN,

    Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Sirrlove Williams, is a *pro se* litigant currently detained at the Denver County Jail. Mr. Williams filed a document titled "Appeal Denying Leave to Proceed" (ECF No. 16), on March 14, 2016. In the document, Mr. Williams asks the Court to reconsider its decision denying him leave to proceed *in forma pauperis* because he failed to satisfy the imminent danger of serious physical harm requirement under 28 U.S.C. § 1915(g).

The Court must construe the pleading liberally because Mr. Williams is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court construes the document as a motion to reconsider pursuant to Fed. R. Civ. P. 59(e), and denies the motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Willliams filed the motion to reconsider within twenty-eight days after the order denying leave to proceed *in forma pauperis* was entered in the instant action.  The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e).  *See id.*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the time limit set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In the instant action, Mr. Williams filed a Prisoner Complaint (ECF No. 6) asserting fifteen claims involving his arrest in October 2015 and the alleged "retaliatory campaign of harassment" based on verbal threats by Defendants.  Mr. Williams also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §

1915 (ECF No. 7) seeking leave to proceed without prepayment of fees or security therefor pursuant to § 1915. In relevant part, this statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For the purposes of this analysis, the Court may consider actions or appeals dismissed prior to the enactment of 28 U.S.C. § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

Mr. Williams, on three or more prior occasions, has brought an action in this Court that was dismissed on the grounds that it was frivolous, malicious, or that it failed to state a claim. *See Williams v. Laber*, No. 09-cv-00886-ZLW (D. Colo. May 29, 2009) (dismissed in part as legally frivolous and in part pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Younger v. Harris*, 401 U.S. 37 (1971)); *Williams v. City & County of Denver*, No. 10-cv-02177-MSK-KLM (D. Colo. Sept. 16, 2011) (dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim); and *Williams v. Laber*, No. 10-cv-02798-ZLW (D. Colo. Mar. 11, 2011) (dismissed pursuant to *Heck*).

However, the Court may not deny Mr. Williams leave to proceed *in forma pauperis* if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). In other words, allegations of past injury or harm are

insufficient, *see id.*, as are vague and conclusory assertions of harm, *see White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). To fall within the exception, the Complaint must therefore contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

On February 17, 2016, the Court directed Mr. Williams to show cause why he should not be denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Mr. Williams filed a response to the show cause order on February 29, 2016. On March 4, 2016, the Court entered an order (ECF No. 14) denying Mr. Williams leave to proceed *in forma pauperis.* Specifically, the Court found that Mr. Williams failed to demonstrate with specific and credible allegations that he is in imminent danger of serious physical injury with respect to the fifteen claims he asserts in the Complaint. (*Id.,* at 3-4). The Court further explained that his vague and conclusory allegations were insufficient; that he failed to allege "an imminent danger at the time he filed his complaint;" and that his allegations in the response to the show cause order regarding a failure to protect and denial of medical care were unrelated to the claims he asserted in the Complaint. (*See id.,* at 4). Therefore, the Court directed Mr. Williams to pay the $400.00 filing fee within thirty days. Mr. Williams was warned that the action would be dismissed without further notice if he failed to submit the $400.00 filing fee within the time provided.

Mr. Williams now seeks reconsideration of the order denying him leave to proceed pursuant to 28 U.S.C. § 1915. In the motion to reconsider, Mr. Williams argues

4

that "I believe I did state imminent harm at the time I first filed this Complaint.  At the time I filed this Complaint I intended to show that law inforcement [sic] was retailiating [sic] against me for my 2008 civil action against members of the Denver Sheriff's Office and that I fear for my life because there [sic] retailiation [sic] included trying to hurt me physically or creat [sic] a situation to end my life."  (ECF No. 16, at 1-2).  Mr. Williams further contends that at the time of filing the Complaint he has asthma and the "Denver Sheriffs and nurses are denying me medical treatment."  (*Id.,* at 2).

   Mr. Williams raised the same arguments in his response to the show cause order.  The Court reviewed the response and denied Mr. Williams leave to proceed pursuant to § 1915(g) on the grounds that "Mr. Williams fails to demonstrate with specific and credible allegations that he is in imminent danger of serious physical injury" because "his vague and conclusory assertions of harm are insufficient;" he failed to allege "an imminent danger at the time he filed his complaint," and his allegations in the response to the show cause order do not "justify allowing him to pursue the unrelated claims he asserts in the Complaint."  (*See* ECF No. 14, at 3-4 (citing *Burghart v. Corrs. Corp. of America,* 350 Fed. App'x 278, 279-80 (10th Cir. 2009) (concluding that inmate's allegations of imminent danger were not credible because he "has not explained how the rights violations alleged in the original complaint will produce these injuries.")).

   In the motion to reconsider, Mr. Williams again fails to identify any specific and credible allegations of imminent danger of serious physical injury with respect to the fifteen claims he asserts in the Complaint concerning his arrest and the alleged "retaliatory campaign of harassment."  Moreover, the Complaint was submitted on February 12, 2016, and Mr. Williams concedes that around this same time he informed

5

prison officials that "there are no issues at this time that made cause for you to submit the grievance" requesting that the retaliation stop. (*See* ECF No. 16, at 4-5). Therefore, Mr. Williams has again failed to establish the "imminent danger" exception under § 1915(g).

Because Mr. Wiliams has not asserted any of the major grounds that would justify reconsideration in his case, the Court denies the motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012.  Mr. Williams must pay the full $400.00 filing fee pursuant to 28 U.S.C. § 1914(a) if he wishes to pursue his claims in this action. The Court will provide Mr. Williams additional time to submit the $400.00 filing fee, but Mr. Williams is warned that failure to pay within the time provided will result in the dismissal of this action without further notice.  The Court will not review any further motions to reconsider; instead, the only proper filing at this time is payment of the $400.00 filing fee.  Accordingly, it is

ORDERED that "Plaintiff's Appeal Denying Leave to Proceed" (ECF No. 16) is DENIED.  It is

FURTHER ORDERED that Mr. Williams shall have **thirty (30) days from the date of this Order** to pay the entire $400.00 filing fee if he wishes to pursue his claims in this action.  It is

FURTHER ORDERED that if Mr. Williams fails to pay the entire $400.00 filing fee within the time allowed, the complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $400.00 filing fee.

DATED at Denver, Colorado, this   6th   day of    April           , 2016.

BY THE COURT:


   s/Lewis T. Babcock
   LEWIS T. BABCOCK, Senior Judge
   United States District Court